UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENYATTA CURSEY,

        Plaintiff,

        v.                            Case No. 22-cv-0104-bhl

DAVID P. WILK,
FRANK J. PARISE,
MICHAEL CICCHINI,
CARLE JOHNSON, and
JOHN OR JANE DOE,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Kenyatta Cursey, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Cursey's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Cursey has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Cursey has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $54.14. Cursey's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Cursey sues Kenosha County Circuit Court Judge David P. Wilk, Attorneys Frank Parise and Michael Cicchini (who were appointed to represent Cursey in his criminal case), and individuals associated with the Wisconsin Public Defender's Office. According to Cursey, Judge Wilk asked the Wisconsin Public Defender's Office to provide Cursey with counsel. After one attorney quit, Attorney David Berman (not a Defendant) was appointed, but because he is godfather to Judge Wilk's daughter, Judge Wilk ordered that the Wisconsin Public Defender's Office appoint a different attorney. Cursey asserts that no attorney timely appeared, so Judge Wilk appointed Defendant Attorney Frank Parise and, after Parise moved to withdraw, appointed Defendant Attorney Michael Cicchini. According to Cursey, Judge Wilk did so without an adequate inquiry into whether Cursey could afford to pay their fees and without Cursey's agreement to pay their fees. Eventually, Parise and Cicchini moved for Kenosha County to pay their fees, which it did, and Judge Wilk ordered Cursey to reimburse Kenosha County. Dkt. No. 1 at 2-5; Dkt. No. 1-1 at 4-9.

### THE COURT'S ANALYSIS

Cursey's lawsuit must be dismissed for several reasons. First, he may not challenge state judgments in this Court. "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to entertain claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *McDonald v. White*, 465 F. App'x 544, 547 (7th Cir. 2012) (citations and internal quotation marks omitted). Under this doctrine, Cursey cannot challenge the civil judgments requiring that he reimburse Kenosha County for fees paid to

Parise and Cicchini. His avenue for challenging those rulings is an appeal within the state court system.

Next, even if *Rooker-Feldman* did not bar Cursey's claims, he cannot sue Judge Wilk because he is absolutely immune for any judicial actions unless he acted in the absence of all jurisdiction. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011). Judge Wilk inquired into the fact of Cursey's debts and entered orders enforcing payment of those debts. Cursey may disagree, but Judge Wilk had jurisdiction over Cursey when he entered those orders, so he is absolutely immune from suit. Finally, Cursey cannot sue his attorneys or the individuals associated with the Public Defender's Office under §1983 because they are not state actors. "[A] defense lawyer, even if paid by the states, does not act under states law unless she conspires with state officials to violate the rights of another." *Meyers v. Gagen*, 295 F. App'x 84, 85 (7th Cir. 2008) (citing *Tower v. Glover*, 467 U.S. 914, 923 (1984) and *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Parise and Cicchini sought payment of their fees; Judge Wilk agreed they were owed those fees. Cursey disagrees, but he may not pursue his disagreement in this Court; he must do so in state court.

Although district courts must generally give civil *pro se* plaintiffs at least one opportunity to amend their complaint, *see Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021), here it is clear that no amendment can overcome the reasons supporting dismissal of Cursey's complaint. Cursey's case will therefore be dismissed, but the dismissal is without prejudice. Cursey remains free to pursue relief in state court.

**IT IS THEREFORE ORDERED** that Cursey's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the agency having custody of Cursey shall collect from his institution trust account the $295.86 balance of the filing fee by collecting monthly payments from Cursey's prison trust account in an amount equal to 20% of the preceding month's income credited to Cursey's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Cursey is transferred to another institution, the transferring institution shall forward a copy of this Order along with Cursey's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin on February 22, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.